IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**KRISTY LOPEZ**, as parent and best friend, and on behalf of her minor child, **J.L.**,

    Plaintiff,

vs.

**HOBBS MUNICIPAL SCHOOL DISTRICT**, a political subdivision of the State of New Mexico; **TJ PARKS**, in his official capacity as Superintendent of the Hobbs Municipal School District; **JOSE MARES**, in his official capacity as the Hobbs High School Boys Varsity Head Soccer Coach; **GREG HASTON**, in his official capacity as Athletic Director of Hobbs High School; **BRENDA WILSON**, in her official capacity as Athletic Director of Hobbs High School; **ZEKE KANEY**, in his official capacity as Assistant Principal of Hobbs High School; **JOHN DOES I-X; JANE DOES IX; and BLACK and WHITE ENTITIES IX**,

    Defendants.

No. 2:18-cv-00871 MV-KRS

## STIPULATED CONFIDENTIALITY ORDER

**THIS MATTER** having come before the Court on the parties' agreement that the confidentiality of information and certain documents, including paper and electronic documents, should be maintained in this action ("the Lawsuit"). The Court finds that good cause exists for entering this Order.

**THE COURT HEREBY ORDERS:**

    1.    Defendants who are part of this agreement are subject to several state and federal laws, regulations and policies regarding the confidentiality of records and files in its possession and under its control, including employment records, educational records of J.L., and records

relating \to other students who may be witnesses in this matter. Counsel for all parties may have interests in these records and files.

2. Otherwise confidential and privileged records documenting J.L.'s medical, psychological, and educational condition and care may be potentially subjects for discovery in this case.

3. In the discovery of this case, confidential information relating to non-parties may become relevant or otherwise discoverable.

4. The parties to this agreement seek to preserve and maintain confidentiality of all sensitive, privileged or protected information while enabling discovery and pursuit of all proper claims and defenses.

5. The parties to this agreement intend to protect privacy and confidentiality of such materials to the extent permitted under the law, but to also recognize that all potential issues of confidentiality and privilege cannot be anticipated or completely foreseen at the initiation of litigation and an order guiding the parties is appropriate to enable discovery without violating or infringing on any party or non-party's interest in confidentiality.

6. The following documents and information contained in said documents (hereinafter "Confidential Information"), which may be produced as described below, shall be kept confidential and shall be utilized by the Parties for purposes solely related to the Lawsuit (including but not limited to discovery, depositions, motions practice, mediation, or trial), as stated below:

    a. All medical and psychological records; and

    b. All documents containing Protected Health Information ("PHI"), as defined in the Health Insurance Portability and Accountability Act ("HIPAA") privacy rule, PL 104-191, 45 CFR Parts 160 and 64 and the HITECH Act.

7. If any party produces information relating to students or former students of Hobbs Municipal School District, any and all student identifying and other information protected by the Family Educational Rights and Private Act of 1974, 20 U.S.C. § 1232g ("FERPA") is also deemed confidential information subject to the terms of this Confidentiality Order.

8. The parties shall utilize the following procedure to identify documents and/or information as Confidential Information and protect Confidential Information from disclosure to any third party:

   a. Any party disclosing information or materials may, at any time prior or subsequent to disclosure, identify and mark material as "CONFIDENTIAL," provided a good faith basis exists for deeming the material confidential and that this designation is expressly made by notation on the material itself or in a letter accompanying the disclosure of the material. Any materials used during a deposition which a party believes should be confidential must be identified as confidential prior to or during the deposition itself.

   b. All Confidential Information produced or exchanged in the course of discovery in this litigation shall be used solely for the purpose of this litigation until final judgment, including any appeals or settlement, and shall not be disclosed to any person other than as permitted herein.

   c. Confidential Information used during depositions shall be expressly identified as "Confidential" in the transcript or other official record of the deposition. Confidential Information marked as deposition exhibits must be clearly marked as "Confidential" before those exhibits are included in any official transcription or record.

   d. The parties stipulate that nothing in this Stipulated Confidentiality Order shall preclude any party from contesting the relevance or admissibility of any material produced pursuant to the Stipulated Confidentiality Order.

9. Attorneys for the Parties shall only distribute or disclose Confidential Information to the following persons: (1) the Parties, judge and jury; (2) legal counsel representing the Parties in this action (including their administrative assistants, law clerks and other law office support staff); (3) the Court and the Court's employees, including administrative assistants and court reporters; (4) expert witnesses retained by any Party in relation to the Lawsuit; (5) court reporters and videographers involved in the taking of any depositions, including any employees thereof; and (6) any fact witness that is called to testify at a deposition by oral examination or at trial. All persons to whom Confidential Information is disclosed, as outlined above, shall be bound by the terms of this Confidentiality Order.

10. Parties to the Lawsuit may not copy or retain copies, either paper or electronic, of any Confidential Information, but may review such documents as is necessary in this case, provided that any such document review shall be limited to the parties themselves and further provided that any such documents reviewed (or copies thereof) shall be promptly destroyed or returned to their respective attorneys at the conclusion of this case. The Parties will not permit any person not identified above in Paragraph 8 to inspect, examine, copy or replicate any Confidential Information. The Parties will not disclose any Confidential Information to any person not identified in Paragraph 8 at any time, except by order of the Court. Attorneys for the Parties agree that they and their employees will utilize Confidential Information only for purposes related to the Lawsuit, and that they shall otherwise maintain the confidentiality of documents and information deemed Confidential Information.

11. In the event any Party requires a fact or expert witness to review Confidential Information, the Party's attorney seeking such review shall instruct the witness about the contents of this Order, and the witness shall sign a copy of this Order agreeing to be bound by

its terms. In the event a fact witness refuses to sign a copy of this Order, the parties shall so inform the Court.

12. Confidential Information about nonparties to the Lawsuit contained in exhibits to motions filed in this action shall be filed under seal and Confidential Information about nonparties contained in exhibits to depositions shall be sealed. Notwithstanding such sealing, portions of the depositions that do not contain confidential information shall not be sealed.

13. If any Party produces any document which contains PHI, as defined and used in the HIPAA, or student identifying information, the Party may elect to redact the PHI from the document prior to production if it pertains to a person who is not a Party to the Lawsuit. If a Party (a) chooses to produce Confidential Information that contains PHI, (b) is required to produce Confidential Information that contains PHI, or (c) otherwise uses Confidential Information that contains PHI, this Confidentiality Order shall be considered a "Qualified Protective Order," as permitted under 45 CFR §§ 164.512(e)(1)(ii) and -(v). Therefore, the arty producing any documentation containing PHI is hereby relieved of the requirement to give notice to the patient(s) whose PHI is contained in the confidential record being disclosed (see 45 CFR § 164.512(e)(1)(ii)(A)).

14. Upon conclusion of the Lawsuit, the provisions of this Order shall continue to be binding. This Order shall remain in full force and effect until modified, superseded, or terminated by consent of the parties or by Court Order. All Confidential Information including but not limited to, PHI subject to HIPPA and/or the HITECH Act, including all copies, must either be returned to the providing party or if returning that information would be unreasonable, destroyed and certified to the providing party as destroyed within thirty days of the conclusion of the Lawsuit, and any subsequent appeal, if any, as provided in 45 C.F.R. §164.512(e)(1)(v).

15. Inadvertent failure to designate any document or information that the producing party later determines should have been designated as Confidential shall not be deemed a waiver of the right to make that designation. The party to whom such inadvertent disclosure is made shall, upon written request by the producing party, treat such material as Confidential Information in accordance with this Confidentiality Order. Upon receipt of such written notice, the party who received the previously undesignated Confidential Information shall make all reasonable efforts under the circumstances to: (1) retrieve all such material disclosed to persons other than those so authorized pursuant to this Confidentiality Order; (2) affix appropriate legends to the Confidential Information as provided herein; and (3) prevent further use or disclosure of the documents or information contained in the previously undesignated Confidential Information by or to persons other than those so authorized herein.

16. Inadvertent production of documents or information that a party contends is subject to work product immunity or the attorney-client privilege ("Privileged Information") shall not constitute a waiver of a claim of immunity or privilege, provided that the producing party shall notify the receiving party of such inadvertent production no later than promptly after the producing party discovers the disclosure. Inadvertently produced Privileged Information shall be returned to the Producing Party upon request, and the Receiving Party shall destroy all copies thereof, including electronic copies, as well as all notes, memoranda or other documents that summarize, discuss or quote the Documents or Information. No use shall be made of such Privileged Information during deposition or at trial, nor shall they be shown to anyone who has not already been given access to them after the request to return them. With respect to the application of any claim of privilege or immunity for inadvertently produced materials, if the parties are unable to reach a satisfactory agreement within thirty

(30) days after a request for return or destruction of such materials is denied, the producing party may, within thirty (30) days thereafter, petition the Court to resolve the matter. The receiving party shall not disclose the document, for which the belated claim of immunity or privilege is being made, to any persons, other than those persons who have had it in their possession before the receipt of notification from the producing party, until the expiration of the thirty (30) day period identified in this paragraph or, if the matter is submitted to the Court, until disposition of the matter. Nothing in this Confidentiality Order precludes either party from petitioning the Court for return of later-discovered, inadvertently produced attorney work product or attorney-client privileged documents.

17. Any party disclosing confidential materials pursuant to this order to opposing counsel shall be presumed to be acting in good faith and under the protections of this order, and shall be immune from liability for compliance with this court order.

18. Prior to trial, the parties shall confer and discuss methods for preserving confidentiality as may be appropriate during the open proceedings of trial, and shall approach the Court for resolution of any such issues.

19. Any hospital, treatment provider, caretaker, professional, records custodian, school, institution, person or entity who/that, in good faith and reasonably relies upon this order to produce materials and records to any party pursuant to this order shall be immune from claims relating to their good faith reliance on this order.

20. It shall be the responsibility of the parties' attorneys to employ measures to control, consistent with this Order, duplication of, access to, and distribution of copied materials.

21. This Order shall not be construed as a waiver by any Party of any objection the

Party might have regarding the production, admissibility or use of any Confidential Information produced in the course of litigation of the Lawsuit. If any Party disputes the designation of any document as Confidential Information, such Party may bring the issue to the Court's attention, either by motion or, if all Parties agree, pursuant to an informal telephonic status conference with the assigned judge overseeing discovery matters, for a decision on whether such document or information contained therein constitutes Confidential Information subject to the terms of this Order.  However, the parties shall negotiate in good faith concerning any dispute over the confidentiality of materials before raising the issue with the Court.  Any dispute as to whether a document and/or its contents is Confidential Information shall be kept Confidential pursuant to the terms of this Order until, and unless, the Court rules otherwise.

**IT IS SO ORDERED.**

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE