UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| KRISTY LOPEZ, as parent and next friend, and on behalf of her minor child, J.L.,<br><br>Plaintiff,<br><br>v.<br><br>HOBBS MUNICIPAL SCHOOL DISTRICT, a political subdivision of the State of New Mexico; TJ PARKS, in his official capacity as Superintendent of the Hobbs Municipal School District; JOSE MARES, in his official capacity as the Hobbs High School Boys Varsity Head Soccer Coach; GREG HASTON, in his official capacity as Athletic Director of Hobbs High School; BRENDA WILSON, in her official capacity as Athletic Director of Hobbs High School; ZEKE KANEY, in his official capacity as Assistant Principal of Hobbs High School; JOHN DOES I–X; JANE DOES I–X; BLACK and WHITE ENTITIES I–X,<br><br>Defendants. | No. 2:18-cv-00871-PJK-KRS |

**ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

THIS MATTER is before the court on Plaintiff's Motion to Supplement Exhibits

to Plaintiff's Response to Defendants' Rule 12(b)(6) Motion to Dismiss (ECF No. 56).[1] Upon consideration thereof, the court finds the motion is not well taken and should be denied.

## Background

Plaintiff Kristy Lopez, on behalf of her son, J.L. (a minor), brought federal and state law claims against Defendants alleging that during the fall 2016 soccer season, various older players engaged in repeated acts of hazing younger players with the knowledge and acquiescence of school officials. According to Plaintiff, the hazing involved acts of sexual misconduct including slapping or grabbing the younger players' testicles, "grabbing their butts," so-called "tea bagging" the younger players, and digitally penetrating them. Second Am. Compl. at 5–6 (ECF No. 19). According to the complaint, these acts occurred on the playing field during practice, the school bus, and hotel rooms during away games. The Plaintiff alleges that J.L. was the target of one one such incident in late-September 2016 and became withdrawn, irritated, and lost interest in playing soccer. Id. at 6–7.

Plaintiff seeks compensatory and punitive damages alleging a denial of substantive due process (Count I); negligent operation of a public building or park under the New Mexico Tort Claims Act (NMTCA) (Count II); violation of Title IX (Count III); civil conspiracy to deprive J.L. of his Fourteenth Amendment and Title IX rights (Count IV);

---

[1] Plaintiff has not filed a reply in support of her motion to supplement. Under the local rules, such failure constitutes consent that the briefing is complete. D.N.M.LR-Civ. 7.1(b).

negligence for failure to protect J.L. under the NMTCA (Count V); failure to report sexual misconduct by Defendant Mares (Count VI); school district and municipal liability based on a failure to train and supervise Defendant Mares (Count VII); school district and municipal liability for negligent hiring (Count VIII); failure to comply with National Federation of State High School Associations policy against hazing, sexual misconduct, and other forms of harassment (Count IX); assault and battery against J.L. (Count X); and intentional infliction of emotional distress (Count XI).

Defendants Hobbs Municipal School District, TJ Parks, Jose Mares, Greg Haston, Brenda Wilson, and Zeke Kaney moved to dismiss the second amended complaint pursuant to Rule 12(b)(6). Defs.' Mot. to Dismiss (ECF No. 20). The motion is fully briefed. Plaintiff now moves to supplement her response with additional exhibits obtained in discovery.

## Discussion

On a motion to dismiss pursuant to Rule 12(b)(6), the court must look to the complaint itself and determine if it contains sufficient facts, as opposed to legal conclusions, to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The role of the court at this stage is not to determine the substantive merits of Plaintiff's case or to "weigh the potential evidence that the parties might present at trial." Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002). Instead, a court reviewing a motion to dismiss must "test the sufficiency of the allegations" by looking only "within the four corners of the complaint." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994).

A limited exception to the general rule, however, allows courts to consider documents that are specifically referenced in the complaint "if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215–16 (10th Cir. 2007); see also Gee v. Pacheco, 627 F.3d 1178, 1186 (10th Cir. 2010) (may also consider matters judicially noticed). This exception, though, merely *allows* the court to consider extrinsic documents — it is within the court's discretion to decline to consider extrinsic materials even when referenced in the complaint and central to a party's claim. Prager v. LaFaver, 180 F.3d 1185, 1189 (10th Cir. 1999). Outside of that exception, when parties attempt to submit materials not included or referenced in the pleadings, the court need not consider them. See Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 861 F.3d 1081, 1103 (10th Cir. 2017) (noting courts have "broad discretion" whether to consider documents outside the pleadings). And if the court does consider documents outside the pleadings, the court must convert the motion to dismiss into a motion for summary judgment. Price v. Philpot, 420 F.3d 1158, 1167 (10th Cir. 2005); see also Fed. R. Civ. P. 12(d).

Here, Plaintiff seeks to supplement her response by submitting three new exhibits obtained through discovery: (1) an investigative report conducted by members of the Hobbs Municipal School District on September 4, 2018; (2) the deposition testimony of Hobbs Police Detective Mark Munro; and (3) the hand-written statement of Sergio Robles, a former Hobbs High School soccer player. None of these exhibits are referenced in the complaint (the complaint has been amended twice and the deadline to amend has passed) so the court would not be able to consider them without converting

4

Defendants' motion to dismiss into a motion for summary judgment. This the court declines to do. The Defendants have made their motion to dismiss based on the second amended complaint (they have yet to answer) and discovery is still in progress.

NOW, THEREFORE, IT IS ORDERED that Plaintiff's Motion to Supplement Exhibits to Plaintiff's Response to Defendants' Rule 12(b)(6) Motion to Dismiss (ECF No. 56) filed June 27, 2019, is denied.

DATED this 17th day of July 2019, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation