UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

| | |
|---|---|
| KRISTY LOPEZ, as parent and next friend, and on behalf of her minor child, J.L.,<br><br>Plaintiff,<br><br>v.<br><br>HOBBS MUNICIPAL SCHOOL DISTRICT, a political subdivision of the State of New Mexico; TJ PARKS, in his official capacity as Superintendent of the Hobbs Municipal School District; JOSE MARES, in his official capacity as the Hobbs High School Boys Varsity Head Soccer Coach; GREG HASTON, in his official capacity as Athletic Director of Hobbs High School; BRENDA WILSON, in her official capacity as Athletic Director of Hobbs High School; ZEKE KANEY, in his official capacity as Assistant Principal of Hobbs High School; JOHN DOES I–X; JANE DOES I–X; BLACK and WHITE ENTITIES I–X,<br><br>Defendants. | No. 2:18-cv-00871-PJK-KRS |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

THIS MATTER came on for consideration on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint filed December 28, 2018. ECF No. 20. Upon consideration thereof, the motion should be granted in part and denied in part.[1]

**Background**

Plaintiff Kristy Lopez, on behalf of her son, J.L. (a minor), brought federal and state law claims against Hobbs Municipal School District[2] ("School District"), its employees TJ Parks, Jose Mares, Greg Haston, Brenda Wilson, and Zeke Kaney in their official capacities (the "individual defendants," and collectively with the School District, "Defendants"), John Does I–X, Jane Does I–X, and Black and White Entities I–X. Her Second Amended Complaint alleges that during the fall 2016 soccer season, various older players engaged in repeated acts of hazing younger players with the knowledge and acquiescence of school officials. The alleged hazing involved acts of sexual misconduct including slapping or grabbing the younger players' testicles, "grabbing their butts," so-called "tea bagging" the younger players, and "dog piling" whereby older players held younger players to the ground and digitally penetrated them. Second Am. Compl. at 5–6 (ECF No. 19). The complaint further alleges Mr. Mares, the head soccer coach, learned of a video of one such incident but ordered its destruction so as to not damage the soccer team. Id. at 6. According to the complaint, these acts occurred on the playing field

---

[1] This case was transferred to the undersigned in July 2019.

[2] The court construes Ms. Lopez's lawsuit as against the Board of Education for the Hobbs Municipal School District as the proper party. See N.M. Stat. Ann. § 22-5-4.

2

during practice, the school bus, and hotel rooms during away games. Id. at 6, 8–9, 11. Ms. Lopez alleges that J.L. was the target of one such incident in late-September 2016 and became withdrawn, irritated, and lost interest in playing soccer. Id. at 6–7. The complaint also alleges the School District maintained policies and procedures to prevent harassment of and violence to students, including sexual abuse. Id. at 9. In addition, it alleges the School District adopted the National Federation of State High School Associations' policies, which require the reporting of sexual harassment and prompt remedial action. Id. at 20–21. Despite this requirement, and despite the individual defendants' alleged knowledge of the sexual harassment on the soccer team, they either took no action to stop it or affirmatively instructed the students not to report such conduct. Id. at 21–22.

In her complaint, Ms. Lopez sought compensatory and punitive damages and alleged a denial of substantive due process (Count I); negligent operation of a public building or park under the New Mexico Tort Claims Act (NMTCA) (Count II); violation of Title IX (Count III); civil conspiracy to deprive J.L. of his Fourteenth Amendment and Title IX rights (Count IV); negligence for failure to protect J.L. under the NMTCA (Count V); failure to report sexual misconduct by Defendant Mares (Count VI); school district and municipal liability based on a failure to train and supervise Defendant Mares (Count VII); school district and municipal liability for negligent hiring (Count VIII); failure to comply with National Federation of State High School Associations policy against hazing, sexual misconduct, and other forms of harassment (Count IX); assault and battery against J.L. (Count X); and intentional infliction of emotional distress (Count XI).

The School District and the individual defendants moved to dismiss Ms. Lopez's Second Amended Complaint pursuant to Rule 12(b)(6). Defs.' Mot. to Dismiss (ECF No. 20). The motion is fully briefed. The court held a hearing on July 22, 2019, including oral argument. See ECF No. 68. At the hearing, the parties advised that Ms. Lopez would voluntarily dismiss several counts. The counts include Counts IV (civil conspiracy), VI (failure to report), X (assault and battery), and XI (intentional infliction of emotional distress). Insofar as Counts VII (failure to train and supervise), VIII (negligent hiring), IX (failure to comply with policy), they would be dismissed as separate causes of action, but certain factual allegations therein would be incorporated into her substantive due process claim. Ms. Lopez also voluntarily dismissed her claims against John Does I–X, Jane Does I–X and Black and White Entities I–X.

**Discussion**

To survive the motion to dismiss as to each remaining claim, Ms. Lopez's complaint must contain a short, plain statement of the claim showing she is entitled to relief. Fed. R. Civ. P. 8(a)(2). Dismissal is not warranted if, accepting all factual allegations in the complaint as true, Ms. Lopez has stated a legally cognizable claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). Although she need not show certainty of success on the merits, her allegations must plausibly suggest wrongdoing by a particular defendant. Id. at 676; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

A.     **Claims Remaining After the Hearing Against Both the Individual Defendants and the School District (Counts I, II, III & V) are Redundant**

28 U.S.C. § 1983 authorizes suit against "every person, who, under color of" state law, deprives a U.S. citizen of his federal rights.  Local school districts are "persons" within the meaning of that statute, and they thus may be subject to suit for violation of federal law when the deprivation is caused by a custom or policy of the district.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663, 694 (1978).  A § 1983 plaintiff may sue a school district directly or may bring an "official-capacity suit" against one of its agents.  Kentucky v. Graham, 473 U.S. 159, 165–66 (1985).  In such lawsuits, the plaintiff seeks to recover from the district itself.  Id.  It is therefore axiomatic that a suit against both a school district and its agent in his official capacity is redundant.

A § 1983 plaintiff may also bring a "personal-capacity suit" and seek to impose liability upon a government official separately for his own actions taken "under color of state law."  Id.  The official-personal distinction turns on the capacity in which an official is sued, not the capacity in which he inflicted the alleged injury.  Hafer v. Melo, 502 U.S. 21, 26 (1991).  Yet the nature of such lawsuits is not always apparent.  See Graham, 473 U.S. at 165.  On occasion, courts must assess whether the parties have characterized the lawsuit as against a defendant's official or personal capacity.  See, e.g., Shabazz v. Coughlin, 852 F.2d 697, 700 (2d Cir. 1988) (looking to the language of the complaint, plaintiff's requested remedies, and defendants' affirmative defenses).

Most tellingly here, the case is styled as a suit against the individual defendants in their official-capacities only and that has not changed through two amendments.  Second

Am. Compl. 1.  Corroborating this, the complaint names each individual defendant, describes his or her position, and then expressly states that each "is named in [his or her] official capacity." Id. at 3–4.  Furthermore, Defendants in their motion to dismiss plainly and reasonably construe the complaint as containing only official-capacity allegations.  Mot. to Dismiss 8–9.  Ms. Lopez did not object or attempt to clarify after Defendants reiterated this understanding in the Joint Status Report (ECF No. 2) and at the hearing.  And although Ms. Lopez in her response cites personal-capacity cases and at one point generally suggests the individual defendants are liable in their "individual capacities," using the term "individual capacity" as to Defendant Mares, Resp. at 8–10, such tangential references do not overcome all other contrary indications.  The court therefore construes her federal claims as against the individual defendants in their official capacities only.  In light of the redundancy of her allegations of federal violations by both the individual defendants in their official capacities and the School District, Ms. Lopez's federal claims against the individual defendants should be dismissed.

  The state-law claims against the individual defendants should be dismissed for the same reason.  The nature of liability under the New Mexico Tort Claims Act is "essentially the same" as that under § 1983.  Ford v. N.M. Dep't of Pub. Safety, 891 P.2d 546, 552 (N.M. Ct. App. 1994).  Because Ms. Lopez's state-law claims of negligence against the individual defendants in their official capacity are effectively claims against the School District, the official-capacity claims should be dismissed to avoid redundancy and confusion.  See Browder v. City of Albuquerque, No. 13-cv-599-RB-KBM, 2014 WL 12487667, at *3 (D.N.M. Mar. 13, 2014), aff'd, 787 F.3d 1076 (10th Cir. 2015).

### B. Ms. Lopez Has Stated a Sufficient Substantive Due Process Claim Against the School District

The Fourteenth Amendment protects against state-deprived life, liberty, or property without due process of law. U.S. Const. amend IV, § 1. The right to "bodily integrity" is, in limited circumstances, protected as one's liberty interest. Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006). To adequately state a substantive due process violation for deprivation of a liberty interest, a § 1983 plaintiff must allege facts demonstrating the official's actions were "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Graves v. Thomas, 450 F.3d 1215, 1222 (10th Cir. 2006) (quoting Cty. of Sacramento v. Lewis, 523 U.S. 833, 847 n.8 (1998)). Furthermore, official-capacity lawsuits against local government entities require a showing that the actions were the result of an official policy or custom. Dodds v. Richardson, 614 F.3d 1185, 1212 (10th Cir. 2010). Allegations of a failure to act may satisfy a preliminary showing of an official policy or custom if that failure amounts to deliberate indifference to constitutionally protected liberty interests. See City of Canton v. Harris, 489 U.S. 378, 388–90 (1989). Deliberate indifference may be shown by facts supporting officials' actual or constructive notice that the failure to act is substantially certain to result in the violation of citizens' constitutional rights. Id. at 396 (O'Connor, J., concurring in part and dissenting in part).

Taking all factual contentions as true, Ms. Lopez's complaint plausibly alleges a substantive due process claim. According to her complaint, the individual defendants had actual or constructive notice of repeated sexual harassment of younger soccer players,

and that their failure to train, supervise, or comply with policy was certain to result in continued violations to those players' bodily integrity. Second Am. Compl. 10–13. At least at the pleading stage, such failure to act shows a "deliberate choice to follow a course of action." Pembaur v. Cincinnati, 475 U.S. 469, 483 (1989) (plurality). Moreover, the sexual misconduct alleged, which included "dog piling" and forced penetration, is undeniably serious. If the School District indeed knew of such conduct and not only failed to act, but affirmatively covered it up, it is difficult to conjure a more shocking practice.

She cannot, however, rely on the theory that a special relationship existed between the School District and J.L. to impose liability. Circuit precedent is clear that public schools have no custodial relationship with their students to warrant an affirmative duty of protection under the Fourteenth Amendment. Maldonado v. Josey, 975 F.2d 727, 732 (10th Cir. 2012). Even when, as here, harm inflicted by one student on another is foreseeable, the law imposes no such affirmative duty. Seamons v. Snow, 84 F.3d 1226, 1235–36 (10th Cir. 1996); Graham v. Indep. Sch. Dist. No. I-89, 22 F.3d 991, 993–94 (10th Cir. 1994).

Nevertheless, Ms. Lopez's substantive due process claim may proceed under the theory that the school's deliberate indifference to sexual harassment on the soccer team created a danger to J.L. A plaintiff seeking to impose liability for the act of another under the "danger creation" theory must assert: (1) the state entity and individual actors created a danger or increased one's vulnerability to that danger; (2) the plaintiff was a member of a limited and specifically definable group; (3) the alleged conduct created a

substantial risk of serious, immediate, and proximate harm; (4) that risk was obvious and known; (5) defendants acted with reckless disregard for that risk; and (6) the conduct, viewed as a whole, shocks the conscience. Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist., 511 F.3d 1114, 1126 (10th Cir 2008). The complaint alleges that J.L. was a young, vulnerable player, that the School District and certain employees were aware that older soccer players repeatedly subjected younger players to sexual harassment, and that at least one of its employees had actual notice of harassment but affirmatively acted to cover up evidence for the good of the team. And, as discussed above, the alleged conduct viewed as a whole plausibly shocks the conscience. Having adequately pleaded the School District created a danger to J.L., she should be allowed to proceed with her substantive due process claim.

**C.     Ms. Lopez Adequately Pleads a Violation of Title IX**

A claim arising under Title IX of the Education Amendments Act of 1972 is independent of a substantive due process claim. See Murrell v. Sch. Dist. No. 1, 186 F.3d 1238, 1245 (10th Cir. 1999). Title IX prohibits recipients of federal funds from discriminating on the basis of sex. 20 U.S.C. § 1681(a). The Supreme Court has read Title IX as providing a private right of action for damages if a public school district official had actual notice of sexual harassment and authority to take corrective measures, but failed to do so. Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 277, 290 (1998). School districts may also be liable under Title IX upon a showing that deliberate indifference effectively caused harassment to occur. Id. at 290–91.

A school district may be liable under Title IX upon a showing that (1) it had actual knowledge of and was (2) deliberately indifferent to sexual harassment that was (3) "so severe, pervasive and objectively offensive" that (4) it deprived the victim access to the benefits provided by the school. Murrell, 186 F.3d at 1246. Ms. Lopez alleges all four factors in her complaint. In support of its motion to dismiss, Defendants argue the School District investigated the hazing claims, and, finding no supporting evidence, closed its investigation. Mot. to Dismiss 20. Such contention, however, merely raises a factual dispute. Taking Ms. Lopez's factual allegations as true, her complaint adequately pleads a Title IX violation.

**D. Ms. Lopez's Negligence Claims (Counts II and V) Are Sufficient to Defeat Defendants' Motion to Dismiss**

New Mexico law adopts traditional tort concepts of duty and the standard of care of a reasonably prudent person, which looks in part to the foreseeability of harm. N.M. Stat. Ann. § 41-4-2. An adequately pleaded negligence claim alleges a duty owed to the plaintiff, the breach of which was both the proximate cause and cause in fact of the plaintiff's damages. Herrera v. Quality Pontiac, 73 P.3d 181, 185–86 (N.M. 2003). Section 41-4-4(A) of the New Mexico Tort Claims Act generally immunizes from tort liability New Mexico governmental entities and public employees acting within the scope of their employment. N.M Stat. Ann. § 41-4-4(A). This general grant of immunity from tort is waived as to injuries caused by a public employee who negligently caused unsafe, dangerous, or defective conditions on government-owned property. Id. at § 41-4-6(A); Bober v. N.M. State Fair, 808 P.2d 614, 623 (N.M. 1991). However, the waiver of

immunity does not extend to standalone claims of negligent supervision. Upton v. Clovis Mun. Sch. Dist., 141 P.3d 1259, 1263 (N.M. 2006).

Contrary to Defendants' assertions, Ms. Lopez alleges more than negligent supervision, such that her claim falls within the § 41-4-6 waiver. In her complaint, she states Defendants owed J.L. a duty to exercise reasonable care in the operation and maintenance of public property and that they breached their duty by allowing a culture of hazing, thereby injuring J.L. Second Am. Compl. ¶¶ 68–76. Defendants do not challenge her allegations (albeit implied allegations by reference to § 41-4-6) that the individual defendants were acting within the scope of their employment when the alleged misconduct occurred. See N.M. Stat. Ann. § 41-4-3(G) (defining scope of duty as "performing any duties that a public employee is requested, required or authorized to perform"). As licensed school employees, the individual defendants had a duty to "exercise supervision over students on public school premises and while the students are under the control of the public school." Id. § 22-10A-3(D)(3). According to Ms. Lopez's complaint, they breached their duty when they knew or should have known that hazing and sexual harassment was likely to occur between the older and younger players on the soccer team but failed to stop it. Second Am. Compl. ¶¶ 38–45 ¶ 50. Her allegations therefore go beyond negligent supervision and adequately plead negligence subject to waiver. See C.H. v. Los Lunas Sch. Bd. of Educ., 852 F. Supp. 2d 1344, 1359–1364 (D.N.M. 2012).

**E. Ms. Lopez Cannot Seek Punitive Damages**

Municipal entities are absolutely immune from punitive damages in § 1983 lawsuits. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). The New Mexico Tort Claims Act similarly precludes awards of punitive damages against any governmental entity or public employees. N.M. Stat. Ann. § 41-4-19(D); see also Lopez v. Las Cruces Police Dep't, 137 P.3d 670, 676 (N.M. Ct. App. 2006). Contrary to Ms. Lopez's assertions, it matters not whether the individual defendants' conduct demonstrated recklessness or callous indifference. Although punitive damages may have been a possible remedy under § 1983 had they been sued in their personal capacities, such a remedy is unavailable in a lawsuit against only the municipal entity. See Smith v. Wade, 461 U.S. 30, 36 & n.5 (1983).

NOW, THEREFORE, IT IS ORDERED that Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint filed December 28, 2018 (ECF No. 20):

(1) is granted as to Counts IV, VI, VII, VIII, IX, X, XI, and Plaintiff's claim for punitive damages;

(2) is granted as to Plaintiff's claims against TJ Parks, Jose Mares, Greg Haston, Brenda Wilson, and Zeke Kaney in their official capacities; and

(3) is denied as to Counts I, II, III, and V.

IT IS FURTHER ORDERED that all claims against defendants John Does I–X, Jane Does I–X and Black and White Entities I–X are dismissed.

DATED this 14th day of August 2019, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.  
United States Circuit Judge  
Sitting by Designation

Counsel:

Joseph M. Zebas, Zebas Law Firm, LLC, Hobbs, New Mexico, for Plaintiff Kristy Lopez.

Jason M. Burnette and Jean M. Gannon, German • Burnette & Associates, LLC, Albuquerque, New Mexico, for Defendants Hobbs Municipal School District, TJ Parks, Jose Mares, Greg Haston, Brenda Wilson, and Zeke Kaney.