# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW MEXICO

KRISTY LOPEZ, as parent and next friend, and on behalf of her minor child, J.L.,

    Plaintiff,

v.

HOBBS MUNICIPAL SCHOOL DISTRICT, a political subdivision of the State of New Mexico; TJ PARKS, in his official capacity as Superintendent of the Hobbs Municipal School District; JOSE MARES, in his official capacity as the Hobbs High School Boys Varsity Head Soccer Coach; GREG HASTON, in his official capacity as Athletic Director of Hobbs High School; BRENDA WILSON, in her official capacity as Athletic Director of Hobbs High School; ZEKE KANEY, in his official capacity as Assistant Principal of Hobbs High School; JOHN DOES I–X; JANE DOES I–X; BLACK and WHITE ENTITIES I–X,

    Defendants.

No. 2:18-cv-00871-PJK-KRS

# AMENDED ORDER[1]

---

[1] This order corrects dates in ECF No. 83.

THIS MATTER comes on for consideration of the parties' Joint Motion to File the Report of the Guardian ad Litem Under Seal and Seal the Hearings and Transcripts, and Seal Other Filings where Good Cause Exists filed February 10, 2020. ECF No. 82. Upon consideration thereof, the court grants the Motion insofar as filing the Report of the Guardian ad Litem under seal. The Report may be filed under seal once approved by the court. Insofar as sealing the upcoming hearing and any transcript or recording, the court will defer ruling until the hearing on February 13, 2020. In all other respects the Motion is denied.

A party seeking to file court records under seal must overcome a presumption that the public has a common law right of access to judicial records. Eugene S. v. Horizon Blue Cross Blue Shield of N.J., 663 F.3d 1124, 1135 (10th Cir. 2011). This requires a showing of "a real and substantial interest" justifying withdrawal of such records which inform the decision-making process. Id. at 1135–36. Here, the parties are requesting that the court seal the parties' pleadings and court materials (including a substantive order) that already have been filed and made available to the public. Essentially, the parties are asking the court to seal what is already public information. Moreover, the court held a motion hearing in open court. ECF No. 68.

While the court is sympathetic that the filed materials in part contain allegations of an assault upon a minor child and the difficulties the minor has faced, the court does not believe that this justifies removing these materials from public access given that they have already been disclosed. See Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007) (affirming a district court's discretionary denial of a motion to seal noting that

privacy concerns were undermined where information had already been disclosed in public probate proceedings).  Moreover, the request appears overbroad as much of the material contains legal argument and it does not appear that redaction was explored.[2]  As to materials not yet filed including the Guardian ad Litem Report, the court agrees with the parties that confidential and private information contained therein justifies sealing. As noted, the court requests that the Report not be filed until it is approved.

        IT IS SO ORDERED.

        DATED this <u>11th</u> day of February 2020, at Santa Fe, New Mexico.

<u>/s/ Paul Kelly, Jr.</u>
United States Circuit Judge
Sitting by Designation

---

[2] The court is puzzled by counsel's reference to Local Rule 5.2 (ECF No. 82 at 2) and assumes that Fed. R. Civ. P. 5.2(e) was intended.  <u>See</u> CM/ECF Administrative Procedures Manual § 1(c)(3) ("Fed. R. Civ. P. 5.2, Fed. R. Crim. P. 49.1, D.N.M.LR-Cr. 57.5, 57.6, 57.7 set forth the rules governing privacy protection for any filing made with the Court.").